DEPARTMENT OF SOCIAL SERVICES, STATE OF HAWAII, ex rel., CINDY MONTERO, Plaintiff-Appellee, *v.* DONALD C. MONTERO, Defendant-Appellant

NO. 12361

(FC-MISCELLANEOUS NO. 86-1325)

JULY 25, 1988

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Donald C. Montero (Montero) appeals the family court's August 3, 1987 Judgment of Criminal Contempt convicting him of constructive (indirect) criminal contempt as a petty misdemeanor.

Concluding that the family court reversibly erred when it authorized a deputy corporation counsel of the City and County of Honolulu to prosecute the contempt charge against Montero, we vacate the conviction and remand for further proceedings.

On October 1, 1986 a deputy corporation counsel of the City and County of Honolulu representing plaintiff Department of Social Services and Housing, State of Hawaii,[1] ex rel. Cindy Montero,

---

[1] In 1987 the Department of Social Services and Housing was separated into the Department of Human Services, *see* Hawaii Revised Statutes (HRS) Chapter 346, and the Department of Corrections, *see* HRS Chapter 353.

filed a complaint for support against Montero which alleged in relevant part as follows:

1. That Plaintiff is a duly established Department of the State of Hawaii.

2. The Family Support Division of the Department of Corporation Counsel, under the provisions of Hawaii Revised Statutes Section 346-37.2 and 346-37.5 and the terms of a contract entered into between itself and the Plaintiff, is authorized to pursue all non-support claims referred to it by Plaintiff.

\* \* \*

5. That Plaintiff is presently making payments of public assistance money to or for the benefit of the above-named dependent(s) and/or custodial caretaker in the amounts of $531.00 per month and said payments create an accruing debt owing to Plaintiff by Defendant.

6. That by the laws of the State of Hawaii the Plaintiff is subrogated to the rights of the above-named dependent(s) and the person having care, custody and control of said dependent(s) to prosecute and maintain this support action, and any money judgment ordered herein shall be in favor of the Plaintiff.

On October 29, 1986 Montero was ordered to pay a total of $75.00 per month for the support of his three children born on January 2, 1982, May 21, 1983, and December 18, 1985, respectively, and ordered to appear at a review hearing on November 26, 1986. When Montero did not appear on November 26, 1986, a bench warrant was issued. On January 21, 1987 Montero was ordered to make reasonable attempts to secure employment, which required a minimum of ten job applications per week, and to appear at a review hearing on March 25, 1987 with his effort sheet. On March 25, 1987 it was uncontradicted that Montero had not made any payments. Montero represented that he had complied with his court-ordered duty to make ten job applications per week but that he had left his effort sheet at home. Montero was warned by the court that failure to make the required efforts or to bring his effort sheet to court on April 29, 1987 would result in a charge of

criminal contempt. On April 29, 1987 Montero was ordered, *inter alia,* to make five job applications per week and to appear at a review hearing on June 3, 1987.

At the June 3, 1987 hearing when the family court judge asked Montero why he had made only nine job applications from April 29, 1987 through June 3, 1987 Montero answered, "I not hussling [sic] too much." Thereupon the judge charged Montero "with criminal contempt in violation of Hawaii Revised Statute[s] Section 710-1077(1)(a) through (j) and 3(b) for the alleged failure to comply with the Court's order directing you to make five job applications per week and return with a written report of that."

On July 29, 1987 Montero was arraigned as follows:

THE CLERK: Please be seated.

State your name and address.

THE WITNESS: Donald Charles Montero, 1621 Onipaa (phonetic spelling) Street.

MR. YASHIRO: Your Honor, for the record Mr. Montero is being represented by Deputy Public Defendant [sic] Jerald Yashiro.

MR. KAZAMA: Deputy Corporation Counsel Ross Kazama.

\* \* \*

Mr. Montero, on or about the period between March 25th, 1987 through June 24th, 1987 you did intentionally disobey or resist the process injunction or other mandate of the Court thereby committing offense of petty misdemeanor violating HRS 710-177(1)(g) and (3) —— (3)(1)(a) [710-1077(1)(g) and (3)(b)] of the Hawaii Revised Statute[s].

How do you plead?

MR. YASHIRO: He would plead not guilty.

Hawaii Revised Statutes § 710-1077(1)(g) and (3) state as follows:

Criminal contempt of court. (1) A person commits the offense of criminal contempt of court if:

\* \* \*

    (g) He intentionally disobeys or resists the process, injunction, or other mandate of a court[.]

*   *   *

    (3) The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

    (a) If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; and

    (b) If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

After the bench trial that immediately followed the arraignment, the family court judge found and concluded as follows:[2]

I do find that the Court ordered the defendant on April 29th, 1987 to make five job applications per week and return with a written report of efforts on June 3rd, 1987. He came back on June 3rd with a written report that showed nine (inaudible) . . . . a number that should have been closer to twenty or twenty-five. Therefore, I find that he did have the ability to comply at the relevant times that we're talking about and that he failed to comply by making the five job applications for a week and putting them on his job effort sheet which he turned in.

    Court concludes that the defendant violated Hawaii Revised Statute[s] 710-1077(1)(g) under the circumstances described in Hawaii Revised Statute[s] 710-1077(3)(b) and therefore he is

---

[2] Rule 23(c) of the Hawaii Rules of Penal Procedure (1981) states as follows:

In a case tried without a jury the court shall make a general finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties. Such special findings may be orally in open court or in writing at any time prior to sentence.

guilty of constructive indirect criminal contempt.

The family court orally sentenced Montero to incarceration for 15 days but suspended 12 days on the condition that he comply with the court's job effort and child support orders through December 31, 1987. On August 3, 1987 the family court entered its judgment of criminal contempt and stayed execution of Montero's sentence pending appeal. On August 27, 1987 the family court entered its Findings of Fact and Conclusions of Law re Judgment of Criminal Contempt.

Neither party in this case cited *Young v. United States ex rel. Vuitton et Fils S.A.,* \_\_\_\_ U.S. \_\_\_\_, 107 S. Ct. 2124, 95 L. Ed. 2d 740 (1987). In *Young,* the United States Supreme Court exercised its supervisory authority over the federal judiciary and held (1) that the federal district courts possess inherent authority (a) to initiate criminal contempt proceedings for disobedience to their orders and (b) to appoint a private attorney to prosecute the criminal contempt; (2) that counsel for a party which is the beneficiary of a court order may not be appointed as the prosecutor of a criminal contempt action alleging a violation of that order; (3) that the appointment of an interested prosecutor is never harmless error; and (4) that a court ordinarily should first request the appropriate prosecuting authority to prosecute criminal contempt actions, and should appoint a private prosecutor only if that request is denied.

We concur with *Young's* holdings and conclude that they should be applied in the courts of the State of Hawaii. The question is whether the deputy corporation counsel who prosecuted the criminal contempt charge against Montero was an interested prosecutor where the court order which Montero was convicted of intentionally disobeying was obtained at the request of a deputy corporation counsel who represented the beneficiary of the court order. Our answer is yes. The facts that the Office of the Corporation Counsel of the City and County of Honolulu is a governmental agency and that the beneficiary of the court order is the State of Hawaii's Department of Social Services and Housing ex rel. Cindy Montero do not make the deputy corporation counsel who prosecuted this case any less "interested".

The duty of all city and county corporation counsel is to represent their clients zealously within the bounds of the law, Ethical

Consideration (EC) 7-1 of the Code of Professional Responsibility of the State of Hawaii (1981) (CPRSH), while avoiding unfair litigation, EC 7-14, CPRSH. In comparison, the duty of all city and county prosecutors is to seek justice, not merely to convict. EC 7-13, CPRSH.

Therefore, Montero's oral conviction must be vacated and the case processed in accordance with the procedures set forth below.

The first decision that must be made by a judge who has decided, based on probable cause, that a person should be prosecuted for the offense of criminal contempt of court as defined in HRS § 710-1077(1) (1985) is whether the alleged offense should be prosecuted as a petty misdemeanor or a misdemeanor. *See* HRS §§ 710-1077(2) and -1077(3) (1985).

If the judge decides the alleged offense should be prosecuted as a petty misdemeanor, then the judge must decide whether or not he or she can and will proceed summarily. *See* HRS § 710-1077(3). If the judge decides that he or she can and will proceed summarily, there is no need for a prosecutor. If the judge decides not to proceed summarily, or that the alleged offense should be prosecuted as a misdemeanor, then a prosecutor is necessary.

In cases where the judge has decided that the alleged offense should be prosecuted as a misdemeanor, the judge must refer the matter to the appropriate county prosecutor for prosecution of the case in the regular district criminal court.

In cases where the judge decides that the alleged offense should be prosecuted as a petty misdemeanor and not proceeded against summarily, the judge must refer the matter to the appropriate county prosecutor and the case should be prosecuted in the court of the referring judge.

If the county prosecutor declines to prosecute, then the matter must be referred to the state attorney general. If the attorney general declines to prosecute, then the only alternative is the appointment by the court of a special prosecutor who is not an "interested prosecutor". For administrative reasons, a special prosecutor should not be appointed without the prior consent of the chief justice or the administrative director of the courts.

Accordingly, we vacate the August 3, 1987 Judgment of Criminal Contempt and remand for further proceedings consistent with this opinion.

*Susan Barr,* Deputy Public Defender, City & County of Hono-lulu, on the briefs for defendant-appellant.

*John R. Gibbs,* Deputy Corporation Counsel, City & County of Honolulu, on the brief for plaintiff-appellee.